FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

APR 07 2008

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. WDQ 00-143 |
| WARE ET AL. (EDDIE L. THOMAS) | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## DEFENDANT'S SUPPLEMENT TO MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(C)

COMES NOW the Defendant, Eddie L. Thomas, by and through his attorney, Gary E. Proctor, LLC, and hereby supplements the previously submitted Motion pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Thomas' sentence. In support of this Supplement, Mr. Thomas states as follows:

1.  On August 11, 2000, Mr. Thomas pled guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846.

2.  On November 1, 2000, the Court sentenced to Mr. Thomas to 135 months incarceration. Mr. Thomas's base offense level was 38, he received a a 3 level reduction for acceptance of responsibility, and an additional 4 level reduction for a minimal participation per U.S.S.G. §3B1.2. The resulting offense level of 31, Criminal History Category of III produced a range of 135-168 months incarceration.

3.  On January 15, 2008 Mr. Thomas filed in this Court a letter construed as a Motion to Reduce Sentence per 18 U.S.C. § 3582(c) .

4.  On March 7, 2008, due to a conflict suffered by the Office of the Federal

Public Defender, this Court issued an Order of Court directing that undersigned counsel be appointed to represent Mr. Thomas.

5.   Utilizing a two level reduction in Mr. Thomas's guideline range, Mr. Thomas's  adjusted offense level would be 29, CH III (120 to 135 months).   The United States Probation Office agrees with this calculation. *2/12/08 Report of Estelle Santana*.

6. As the Court will see from the discussion below,  Mr. Thomas has not been idle during his incarceration.  Rather, he has taken advantage of every opportunity to better himself and prepare for the day when he re-enters society.

7. Mr. Thomas's current estimated release date is November 10, 2010.  With a  reduction to 120 months, a sentence within the adjusted guideline range,  Mr. Thomas's release date would be moved to the near future.[1]   A sentence of 120 months would still be within the adjusted Guideline range.  It would also be in the same place within the Guideline range, the low end, as the sentence originally imposed.

8.   Of course, once the Sentencing Commission makes a guideline retroactively applicable, a Court may reduce the term of imprisonment.  The amount of reduction is governed by 18 U.S.C. § 3553(a), not the guidelines. *Booker, United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the Fourth Circuit's decision in *United*

---

[1]  The Federal Public Defender calculates that the new release date would be August, 2009.

2

*States v. Allen*, 450 F.3d 565 (4th Cir. 2006), and several district court decisions

support Mr. Thomas's position. Applying both § 1B1.10 and § 3553(a), considering

Mr. Thomas's impressive institutional adjustment, a sentence of 120 months is

appropriate in this case.

I.   **This Court has Authority to Reduce a Sentence under 18 U.S.C. § 3582 When the Sentencing Commission Lowers a Guideline and Then Makes the Amendment Retroactive**

9.  Section 3582(c)(2) of Title 18 defines the scope of this Court's authority to

reduce a sentence.   That section provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

10.  Here, the requirements of § 3582 are met because Ms. Thomas was

sentenced to a term of imprisonment based upon the guidelines for crack cocaine

set forth in § 2D2.1, which were lowered by the Commission.   A reduction is

consistent with the Commission's policy statement that the amendment is

retroactive.

11.  Per §1B1.10(b)(2)(A), the Court is permitted to reduce the sentence

within, but not below, the amended guideline range after applying the retroactive

amendment.  For the reasons described below, the extent of the reduction need not be limited by the policy statement.

II.    **The Sentencing Commission's Attempt to Limit this Court's Discretion to Reduce a Sentence is Advisory Only.**

12.  An examination of *Booker* and related case law shows that § 1B1.10, like every other guideline, is merely advisory.  In deciding *Booker*, the Supreme Court made clear that the guidelines cannot be mandatory in some circumstances, but not others.  *Booker*, 543 U.S. at 266.  It expressly rejected the government's suggestion that the guidelines could remain mandatory in cases that involved no Sixth Amendment error in judicial-fact finding.  Hence, even though a sentencing reduction under § 3582 does not implicate the Sixth Amendment, that distinction cannot make § 1B1.10 mandatory.  *But see United States v. Cruz*, 2008 WL 539216 (E.D.N.Y. 2008) (declining to find that *Booker* applies to § 3582 proceedings because, inter alia, they do not implicate the Sixth Amendment).

13.  The Ninth Circuit acknowledged the advisory nature of § 1B1.10 in *United States v. Hicks*, 472 F.3d 1167, 1172-73 (9th Cir. 2007).  In *Hicks*, the court held that district courts may "depart from the Guidelines when issuing new sentences under § 3582(c)(2)," acknowledging that "a mandatory system is no longer an open choice."  *Id.* at 1170 (citing *Booker v. United States*, 543 U.S. 220, 263 (2005)).  Other courts are in accord in direct holdings and dicta.  *See United States v. Forty Estremera*, 498 F.Supp.2d 468, 471-72 (D.P.R. 2007) (proper procedure in a

4

post-*Booker* § 3582(c)(2) resentencing is to first calculate the amended guideline range and then "evaluate the factors set forth in 18 U.S.C. § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted"); *United States v. Jones*, 2007 WL 2703122 (D. Kan. Sept. 17, 2007) ("section 3582(c) can be invoked to grant the court the authority to resentence using the guidelines as advisory"). The Honorable Gerald Lynch of the Southern District of New York recently recognized the irony in the Commissions's attempt to keep § 1B1.10 as the only surviving mandatory guideline: "it would be, to say no more, ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe, can be limited by a still-mandatory guideline." *United States v. Polanco*, 2008 WL 144825, *2 (S.D. N.Y. Jan. 15, 2008).

14. Nothing in the language of 18 U.S.C. § 3582 makes mandatory the policy statements in § 1B1.10. The Fourth Circuit's decision in *United States v. Allen*, 450 F.3d 565, 570 n.5 (4th Cir. 2006), provides a fit analogy. In *Allen*, the Fourth Circuit construed 18 U.S.C. § 3553(e) - a statute comparable to § 3582. Section 3553(e) permits a court to depart below a mandatory minimum sentence upon a government motion based upon the defendant's substantial assistance. The statute provides in relevant part:

> Such sentence shall be imposed in accordance with the

guidelines and policy statements issued by the Sentencing
Commission pursuant to section 994 of title 28, United
States Code.

18 U.S.C. § 3553(e). Notwithstanding this mandatory language, and *Booker's* focus

on 18 U.S.C. § 3553(a), not (e), the Fourth Circuit, post-*Booker*, has recognized that

a court under § 3553(e) may give full consideration to the § 3553(a) factors and is

not bound by the guidelines in imposing a sentence below the mandatory minimum.

*See United States v. Allen*, 450 F.3d 565, 570 n.5 (4th Cir. 2006); *see also United*

*States v. Mankins*, 2007 WL 2319817 (D. Md. 2007) (J. Bennett) (reference in §

3553(e) to imposition of sentence "in accordance with the sentencing guidelines

necessarily addresses the advisory nature of those guidelines" after *Booker*). Once

the gate to a sentence below the mandatory minimum opens upon government

motion, a court is free to exercise its discretion in imposing a sentence. It should

look to the guidelines for guidance, but is not bound by them.

        15. Because the Fourth Circuit in *Allen* implicitly read *Booker* as excising the

mandatory nature of the guidelines under § 3553(e), a similar result should occur

here. Once the gate to a reduced sentence opens upon the Commission's

retroactive application of a lowered guideline, the Court must consult the guidelines

in deciding the extent of any reduction, but is not bound by them. Once the gate to

a reduced sentence opens under § 3582, the Court is bound only by the

"overarching provision" in 18 U.S.C. § 3553(a), *i.e.*, that the Court "'impose a

sentence sufficient, but not greater than necessary' to accomplish the goals of

sentencing." *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558, 568-69 (2007).

III.    **Many of the 3553(a) Factors Show that a 120 Month Sentence is "Sufficient, But not Greater than Necessary" to Accomplish the Goals of Sentencing**.

16.   The core requirement of section 3553(a) is that the Court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553(a)(2). Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant, (b) the kinds of sentences available, (c) the guideline range, (d) the need to avoid unwarranted sentencing disparities, (e) the need for restitution, and (f) the need for the sentence to reflect the following: the seriousness of the offense; to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence; to protect the public from future crimes and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

17.   Without addressing each of the 3553(a) factors individually, Mr. Thomas submits that his institutional adjustment warrants a reduction to 120 months incarceration.  Mr. Thomas' attached Program Review Report, dated October 4, 2007, details that he has no disciplinary infractions.  They further detail that he is a member of the Church of Christ, has a job within the facility, was awarded Student of the Quarter, gotten a G.E.D. and completed drug  treatment.  Exhibit A.

18.   These attachments collectively reveal that Mr. Thomas is not the same

individual sentenced by this Court in 2000. Rather, Mr. Thomas is now an educated, hard-working individual who has paid a significant debt for his offense, has rehabilitated himself and is prepared to re-enter society to join his family. As noted, the 120 month sentence is within the amended guideline range and is also warranted when the Court applies the factors listed in § 3553(c).

19. Finally, an additional period of incarceration is not necessary to protect the public from Mr. Thomas. As his attached letter to the Court details:

> as the courts already know what I did was wrong and I just want to say that I am savvy for what I have done and I know I am paying for it. Just by being locked up it has shown me another way of life than just selling crack cocaine. That way is working and if I get the sentence reduction what I would do is get a job so I can provide for my family and I am making a commitment to the Court as well as my family to stay out of prison and that's why I feel I should get a reduced sentence, so that I can have a chance to have an early release from prison to show my family that I can do right and provide for them.

Exhibit B (minor typographical errors omitted). Certainly undersigned counsel has never had a more appreciative client, and Mr. Thomas' family is in regular contact with him and concerned for his welfare. As such, he has a support network that is, alas, missing from many inmates. His current age suggests recidivism to be unlikely.[2]

## CONCLUSION

In summary, Mr. Thomas respectfully requests that this Honorable Court

---

[2] As the Court is no doubt aware, a person's likelihood of re-offending decreases with age. Mr. Thomas is now eight years older and wiser, and has skills that he did not have upon his conviction for the instant crime.

reduce his sentence from 135 months to not more than 120 months. Such a reduction is consistent with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Gary E. Proctor
Law Offices of Gary Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
410.444.1500

## REQUEST FOR HEARING

Unless the Court is willing to grant the requested relief without a hearing, Mr. Thomas requests a hearing pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland. Further, Mr. Thomas requests that he be present at any hearing in this matter.

Gary E. Proctor

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2008, a copy of the foregoing motion was delivered by first class mail to AUSA Barbara Sale, United States Attorney's Office, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201.

_____
Gary E. Proctor

10